■ In the Matter of BRIAN MONROE, Appellant, v BRION TRAVIS et al., Respondents. [721 NYS2d 377] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondents, dated November 4, 1998, which denied the petitioner's application for conditional release to a homeless shelter, the petitioner appeals from a judgment of the Supreme Court, Queens County (Schmidt, J.), dated August 19, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner is a sex offender who has been incarcerated in State prison since his plea of guilty in 1982 to charges of sodomy in the first degree (two counts), rape in the first degree, and attempted robbery in the first degree. In December 1995 he became eligible for conditional release. Pursuant to a new policy of the respondent New York State Division of Parole (hereafter the Division) promulgated in 1994, the Division required that the petitioner, as a sex offender, secure approved housing before his request for conditional release could be granted. This housing had to be in a residence where a responsible adult lived who was willing to cooperate with the petitioner's parole officer. The housing could not be near a potential victim. The petitioner was unsuccessful in finding housing deemed appropriate by the Division. The Division also

refused to release him to a homeless shelter. Prior to 1994, it was the Division's policy with respect to inmates who were eligible for conditional release to release them to a homeless shelter where no other housing was available.

Contrary to the petitioner's contention, it is within the discretion of the Division to impose the special condition of securing approved housing, even though the condition must be satisfied before his request of conditional release can be granted (see, Executive Law § 259-c [2]; § 259-g; 9 NYCRR 8003.2 [*l*]; 8003.3; *People ex rel. Wilson v Keane,* 267 AD2d 686; *People ex rel. Travis v Coombe,* 219 AD2d 881).

There is no merit to the petitioner's further contention that the special condition violated the Ex Post Facto Clause of the United States Constitution because it arose from a policy of the Division promulgated after he was convicted (see, *Doe v Simon,* 221 F3d 137; *People ex rel. Johnson v Russi,* 258 AD2d 346). Ritter, J. P., Altman, Friedmann and Smith, JJ., concur.