■ In the Matter of JAMES BILLUPS, Appellant, v NEW YORK STATE DIVISION OF PAROLE, CHAIR, et al., Respondents. [795 NYS2d 408]—

Appeal from a judgment of the Supreme Court (LaBuda, J.), entered September 8, 2004 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is currently serving a 5 to 15-year prison term in connection with the rape of his young daughter. Petitioner's conditional release date was March 13, 2002. However, due to petitioner's failure to comply with the requirement of the Board of Parole that he find a suitable residence, he was not granted release at that time or thereafter. Petitioner commenced this CPLR article 78 proceeding challenging the denial. Following joinder of issue, Supreme Court dismissed the petition. This appeal ensued.

We affirm. The Board is authorized to impose special condi-

tions upon an inmate's release from prison (*see* Executive Law § 259-c [2]; § 259-g [1]; 9 NYCRR 8003.2 [*l*]; 8003.3). Imposition of the requirement of a suitable residence was rational under the circumstances as petitioner has a history of violent conduct and perpetrated a heinous sexual assault upon his own daughter (*see e.g. Matter of Wright v Travis*, 297 AD2d 842 [2002]; *People ex rel. Wilson v Keane*, 267 AD2d 686 [1999], *appeal dismissed* 95 NY2d 824 [2000]). Therefore, Supreme Court properly dismissed the petition.

Cardona, P.J., Crew III, Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.