■ In the Matter of PATRICK LYNCH, Appellant, v CALVIN E. WEST, as Superintendent of Elmira Correctional Facility, et al., Respondents. [805 NYS2d 728]—

Rose, J. Appeal from a judgment of the Supreme Court (Tait, J.), entered September 29, 2004 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to

---

CPLR article 78, to review a determination of the Board of Parole imposing certain conditions upon petitioner's parole release.

In 1983, petitioner was sentenced to an aggregate prison term of 12½ to 25 years upon his conviction of the crimes of rape in the first degree, sexual abuse in the first degree and criminal possession of a weapon in the third degree. These crimes were committed less than one month following his release on parole after serving time in prison for his earlier conviction of the crime of attempted rape in the first degree. In setting a conditional release date for defendant's current sentence, the Board of Parole imposed a special condition on his release by requiring that he arrange in advance for an approved residence. When he was unable to satisfy the condition, petitioner commenced this CPLR article 78 proceeding seeking review on the ground that the condition was arbitrary and capricious. Supreme Court dismissed petitioner's application and this appeal ensued.

We affirm. The condition that a prisoner obtain an approved residence is a valid condition precedent to parole release (*see Matter of Billups v New York State Div. of Parole, Chair*, 18 AD3d 1085, 1085-1086 [2005]; *People ex rel. Beam v Hodges*, 286 AD2d 936, 937 [2001]; *Matter of Monroe v Travis*, 280 AD2d 675, 676 [2001], *lv denied* 96 NY2d 714 [2001]; *People ex rel. Wilson v Keane*, 267 AD2d 686, 686 [1999], *appeal dismissed* 95 NY2d 824 [2000]). Given the nature of his past offenses and his institutional history, petitioner has not shown that the condition is unreasonable or unlawful (*see Matter of Billups v New York State Div. of Parole, Chair, supra* at 1086; *Matter of Ahlers v New York State Div. of Parole*, 1 AD3d 849, 849-850 [2003]; *People ex rel. Wilson v Keane, supra* at 686). Nor does Executive Law § 259-a (6) or 9 NYCRR 8000.1 (a) (5) impose any duty upon the Division of Parole to assist petitioner in obtaining a qualifying residence.

Petitioner's remaining contention that he is entitled to a writ of habeas corpus was not raised before Supreme Court and, in any event, is without merit. Accordingly, we find no error in Supreme Court's dismissal of the petition.

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.