■ In the Matter of EDWARD BREEDEN, Appellant, v JOHN J. DONNELLI, as Superintendent of Bare Hill Correctional Facility, et al., Respondents. [808 NYS2d 839]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered March 24, 2005 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is currently serving a prison sentence of 12½ to 25 years in connection with his sexual assault of a 13-year-old female. Although petitioner's conditional release date was February 7, 2004, he was not released at that time and remains incarcerated due to his failure to fulfill the requirement of the Board of Parole that he secure a suitable residence. Petitioner commenced this proceeding, challenging the denial. Supreme Court dismissed the petition and this appeal ensued.

We affirm. The Board is authorized to impose special conditions which must be satisfied prior to an inmate's release from prison (*see* Executive Law § 259-c [2]; § 259-g; *Matter of Wright v Travis*, 297 AD2d 842, 842 [2002]; *see also People ex rel.*

*Bernzott v Murray,* 12 AD3d 1102, 1102 [2004]; *Matter of Monroe v Travis,* 280 AD2d 675, 676 [2001], *lv denied* 96 NY2d 714 [2001]). Where, as here, the inmate has a history of criminal behavior, including multiple serious sex offenses, and has demonstrated an inability to comply with the terms of parole release, a condition requiring that he secure an approved residence prior to his release is rational (*see Matter of Billups v New York State Div. of Parole, Chair,* 18 AD3d 1085, 1085-1086 [2005]; *Matter of Wright v Travis, supra* at 842). Moreover, the Board has no obligation to assist him in locating and securing appropriate housing (*see* Executive Law § 259-a [6]-[8]; 9 NYCRR 8000.1 [a] [5]).

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.