■ In the Matter of BRYAN BOSS, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [932 NYS2d 387]—

Spain, J.

Petitioner is currently serving a prison sentence of 2 to 6

years after pleading guilty to attempted rape in the second degree and attempted sexual abuse in the first degree arising from incidents with a 13-year-old girl and a 12-year-old girl. Although his conditional release date was November 20, 2009, petitioner remains incarcerated due to his failure to obtain approval from the Board of Parole as to a proposed residence, a special condition placed on his parole release. Petitioner commenced this proceeding to challenge the denial and Supreme Court dismissed the petition. Petitioner now appeals.

We affirm. The Board maintains the discretion to impose special conditions that must be satisfied prior to an inmate's release from prison (*see* Executive Law § 259-c [2]; § 259-g [2]; 9 NYCRR 8003.2 [1]; 8003.3; *Matter of Breeden v Donnelli*, 26 AD3d 660, 660-661 [2006]; *Matter of Wright v Travis*, 297 AD2d 842 [2002]). Here, the condition that petitioner secure an approved residence prior to his release was rational in light of his conviction for sex offenses perpetrated against two young girls and the alleged violation of an order of protection against one of them (*see Matter of Breeden v Donnelli*, 26 AD3d at 661; *Matter of Billups v New York State Div. of Parole, Chair*, 18 AD3d 1085, 1085-1086 [2005]). We also reject petitioner's contention that respondent failed in its duty to assist him with securing acceptable housing (*see* Executive Law § 259-a [6]). The record demonstrates that respondent has maintained contact with several agencies in the county of petitioner's conviction in such an effort. Petitioner's remaining contentions have been examined and found to be unpreserved or without merit.

Peters, J.P., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.