# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**127**

**CA 13-00176**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF ROBERT CARDEW,
PETITIONER-APPELLANT,

V                                                          MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT-RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF
COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered September 13, 2012 in a CPLR article 78 proceeding. The judgment denied the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: In this CPLR article 78 proceeding, petitioner, an inmate at Attica Correctional Facility, appeals from a judgment denying his petition, which alleged that respondent acted arbitrarily and capriciously in denying a grievance he filed against the Department of Corrections and Community Supervision (DOCCS). In his grievance, petitioner, who is serving a sentence of 28 years to life for murder in the second degree, among other offenses, contended that DOCCS failed to provide him with sufficient information and resources to prepare a viable postrelease plan for housing and employment, without which he cannot obtain release to parole supervision. We conclude that Supreme Court properly denied the petition.

We reject petitioner's contention that he was required to have a postrelease plan for housing and employment in place in order to be released on parole. We note that a "release plan[] [involving] . . . employment" is one of eight statutory factors considered by the Parole Board in "making [a] parole release decision" (Executive Law § 259-i [2] [c] [A]), and that the Parole Board has the power to require an inmate to secure approved housing before being released on parole (*see People ex rel. Beam v Hodges*, 286 AD2d 936, 937). Here, however, there is no indication in the record that the Parole Board required petitioner to have a postrelease employment or housing plan before he

could be released on parole, or that the Parole Board denied petitioner parole because petitioner failed to fulfill that purported requirement.  In fact, it appears from the record that petitioner was denied release by the Parole Board following his first parole hearing in 2008 because of the severity of his offense and his poor disciplinary record while incarcerated.

In any event, even assuming, arguendo, that DOCCS has a duty to assist petitioner in finding appropriate housing and employment (*see* Correction Law § 201 [5]; *cf. Matter of Breeden v Donnelli*, 26 AD3d 660, 661; *Matter of Lynch v West*, 24 AD3d 1050, 1051), we conclude that DOCCS fulfilled that duty.  The record establishes that DOCCS provided petitioner with all the materials and resources it had available for Broome County, where petitioner expects to reside if released, as well as hundreds of pages of information regarding housing and employment in counties throughout the state.  Petitioner was also referred to the Broome County Reentry Taskforce and the CEPHAS group for assistance in making postrelease plans, and he was provided with access to his facility's Transitional Services Center (TSC), the TSC's counselors, and a facility parole officer.

We reject petitioner's further contention that DOCCS acted arbitrarily and capriciously in denying his request for access to a telephone, email and the internet for purposes of securing housing and employment.  Even assuming, arguendo, that DOCCS's policy of denying such access to inmates impinged upon petitioner's constitutional rights, we conclude that the policy is valid because it is " 'reasonably related to legitimate penological interests' " (*Matter of Walton v New York State Dept. of Correctional Servs.*, 13 NY3d 475, 491, quoting *Turner v Safley*, 482 US 78, 89).  Petitioner has failed to establish that the restriction is unduly burdensome and is not related to the legitimate interest of prison safety (*see Matter of Malik v Coughlin*, 157 AD2d 961, 962-963; *Matter of Montgomery v Jones*, 88 AD2d 1003, 1003-1004).

Entered:  March 21, 2014                          Frances E. Cafarell
                                                  Clerk of the Court