■ In the Matter of GORDON MARICEVIC, Appellant, v ANDREA W. EVANS, as Chair of the Division of Parole, Respondent. [927 NYS2d 471]—

In 2005, petitioner was convicted after a jury trial of two counts of vehicular manslaughter in the second degree, two counts of vehicular assault in the second degree and two counts of driving while intoxicated. He was sentenced to concurrent terms of imprisonment having an aggregate of 1²/₃ to 5 years. In September 2009, he made his first appearance before the Board of Parole seeking parole release. At the conclusion of the hearing, his request was denied and he was ordered held an additional 24 months. Petitioner took an administrative appeal and, when he did not receive a response within four months, he commenced this CPLR article 78 proceeding. Following service of respondent's answer, Supreme Court dismissed the petition. This appeal ensued.

We affirm. It is well settled that parole release decisions are discretionary and will not be disturbed so long as the Board complied with the statutory requirements of Executive Law § 259-i (*see Matter of Smith v New York State Div. of Parole*, 81 AD3d 1026, 1026 [2011]; *Matter of Ruiz v New York State Div. of Parole*, 70 AD3d 1162, 1163 [2010]). Notably, the Board is not required to articulate each statutory factor considered in making its decision nor give each such factor equal weight (*see Matter of Wright v Alexander*, 71 AD3d 1270, 1271 [2010]; *Matter of Blasich v New York State Bd. of Parole*, 48 AD3d 1029, 1029-1030 [2008]). Here, the Board considered not only the serious nature of petitioner's crimes, but also other relevant factors, including his clean criminal record and single prison disciplinary infraction in denying his initial request for parole release (*see Matter of Cruz v New York State Div. of Parole*, 39 AD3d 1060, 1061 [2007]). Under the circumstances presented, we do not find that the Board's decision exhibits " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]). Therefore, we decline to disturb it.

Peters, J.P., Spain, Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.