■ In the Matter of GARY FRANCIS, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [934 NYS2d 514]—

In 1991, petitioner was convicted of attempted murder in the first degree as well as criminal possession of a weapon in the second degree and was sentenced to an aggregate prison term of 20 years to life. In December 2009, he made his first appearance before the Board of Parole seeking to be released to parole supervision. At the conclusion of the hearing, his request was denied and he was ordered held an additional 24 months. After the determination was upheld on administrative appeal, petitioner commenced this CPLR article 78 proceeding. Following service of respondent's answer, Supreme Court dismissed the petition and this appeal ensued.

Petitioner contends that the Board failed to take into consideration the statutory factors set forth in Executive Law § 259-i in denying his request for parole release. He further asserts that the Board placed undue emphasis on the nature of

his crimes and ignored his institutional achievements. Based upon our review of the record, we disagree. The Board took into account not only the serious nature of petitioner's crimes, but also his violent criminal history, prison disciplinary record, institutional achievements and postrelease plans, all factors enumerated in Executive Law § 259-i (*see Matter of Karlin v Alexander*, 57 AD3d 1156, 1156-1157 [2008], *lv denied* 12 NY3d 704 [2009]; *Matter of MacKenzie v Dennison*, 55 AD3d 1092, 1092 [2008]). Notably, the Board is not required to give each statutory factor equal weight and could, as it did, place greater emphasis on the serious nature of the crimes that involved his shooting of a police officer in the head (*see Matter of Santos v Evans*, 81 AD3d 1059, 1060 [2011]; *Matter of Williams v Alexander*, 71 AD3d 1264, 1265 [2010]). Contrary to petitioner's claim, it was not incumbent upon the Board to give petitioner suggestions as to how he could improve his chances of being released to parole supervision. Petitioner's remaining arguments have been considered and are unavailing. In sum, the Board's decision does not demonstrate " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), and we find no reason to disturb it.

Peters, J.P., Spain, Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.