In the Matter of COURTNEY KELLY, Appellant, v COMMISSIONER HAGLER, as a Member of the Parole Board, Respondent. [942 NYS2d 290]—

Appeal from a judgment of the Supreme Court (Devine, J.), entered June 16, 2011 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release supervision.

Petitioner was convicted of, among other crimes, murder in the second degree and was sentenced to a prison term of 20 years to life. Following his third appearance before the Board of Parole, his request for parole release was denied. After he exhausted his administrative remedies, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

Parole release decisions are "deemed a judicial function and shall not be reviewable if done in accordance with law" (Executive Law 259-i [5]). Here, the parole hearing transcript reveals that the Board considered the relevant statutory factors, including petitioner's institutional record, academic achievements, the deportation order issued against him, petitioner's release and

employment plans and the seriousness of the offense (*see* Executive Law § 259-i [2] [c] [A]). We are unpersuaded by petitioner's contention that, given the deportation order, it was irrational to conclude that his release would be incompatible with the welfare and safety of the community. A deportation order is only one factor to consider in determining parole release and the existence of such order does not require an inmate's release (*see e.g. Matter of Silvero v Dennison*, 28 AD3d 859 [2006]; *Matter of Hunter v New York State Div. of Parole*, 21 AD3d 1178, 1179 [2005]). Inasmuch as the Board's decision does not exhibit "irrationality bordering on impropriety" (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000] [internal quotation marks and citation omitted]), it will not be disturbed.

Peters, P.J., Spain, Kavanagh, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.