■ In the Matter of MARCO DE LOS SANTOS, Appellant, v DIVISION OF PAROLE, Respondent. [947 NYS2d 674]—

Appeal from a judgment of the Supreme Court (Connolly, J.), entered September 15, 2011 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner assisted his codefendants in the commission of an armed robbery by surveilling the store prior to the robbery and providing the weapon that was used to fatally shoot one of the storekeepers. As a result, he was convicted in 1997 of murder in the second degree and was sentenced to 15 years to life in prison. In July 2010, he made his first appearance before the Board of Parole seeking to be released to parole supervision. At the conclusion of the hearing, his request was denied and he was ordered held for an additional 24 months. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

We affirm. It is well settled that parole release decisions are discretionary and will not be disturbed so long as the Board complied with the statutory requirements of Executive Law § 259-i (*see Matter of Valentino v Evans*, 92 AD3d 1054, 1055 [2012]; *Matter of Matos v New York State Bd. of Parole*, 87 AD3d 1193, 1194 [2011]).* We find no merit to petitioner's assertion that the Board based its decision solely upon the serious nature of the crime. Rather, the record reveals that the Board also took into account the fact that this was petitioner's first criminal conviction, he had not had a disciplinary infraction for years, he had completed many programs while in prison and he would be deported if released (*see Matter of Sanchez v Division of Parole*, 89 AD3d 1305, 1306 [2011]). Moreover, petitioner was given the opportunity during the parole interview to discuss the mental illness and disability that he experienced as a result of a childhood virus (*see Matter of Abascal v New York State Bd. of Parole*, 23 AD3d 740, 741 [2005]). Contrary to petitioner's claim, the Board did not disregard the recommendations of the sentencing judge; the sentencing minutes were before the Board and reveal that the judge did not express an opinion on parole (*see generally Matter of Evans v Dennison*, 75 AD3d 711, 712 [2010]). In sum, given that the Board's decision does not exhibit

---

* We note that while Executive Law § 259-i was amended in 2011 (*see* L 2011, ch 62, § 1, part C, § 1, subpart A, §§ 38-b, 38-f-1), the Board's decision in this case was rendered prior to this amendment.

" 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.

Mercure, J.P., Rose, Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.