Appeal from a judgment of the Supreme Court (Platkin, J.), entered March 13, 2012 in Greene County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner’s request for parole release.
*1180 In 1984, petitioner was convicted of kidnapping in the first degree, rape in the first degree, sodomy in the first degree (two counts), sexual abuse in the first degree and criminal possession of a weapon in the second degree and sentenced to an aggregate prison term of 15 years to life. In 2010, petitioner appeared before respondent seeking release to parole supervision. Following a hearing, respondent denied petitioner’s request for parole release, and that determination was upheld upon administrative review. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 challenging respondent’s determination. Supreme Court dismissed the petition and petitioner appeals.
Contrary to petitioner’s contentions, respondent properly considered the factors set forth in Executive Law § 259-i (1) (a) and was not constrained by 9 NYCRR 8002.3 (b) in reaching its determination (see Matter of Tatta v Travis, 9 AD3d 763, 763 [2004], lv denied 3 NY3d 610 [2004]; Matter of Crews v New York State Exec. Dept. Bd. of Parole Appeals Unit, 281 AD2d 672, 672 [2001]; Matter of Guerin v New York State Div. of Parole, 276 AD2d 899, 901 [2000]). Respondent is not required to articulate every factor considered or give equal weight to each factor (see Matter of Valentino v Evans, 92 AD3d 1054, 1055 [2012]; Matter of Maricevic v Evans, 86 AD3d 879, 880 [2011]; Matter of Barrier v New York State Bd. of Parole Appeals Unit, 283 AD2d 700, 700 [2001]). Its decision to emphasize the seriousness of petitioner’s crime over his positive institutional record and participation in programming does not demonstrate that the determination was affected by “irrationality bordering on impropriety” (Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]), and we discern no basis upon which to disturb it (see Matter of Valentino v Evans, 92 AD3d at 1055; Matter of Maricevic v Evans, 86 AD3d at 880).
Petitioner’s remaining contentions, to the extent not specifically addressed herein, have been considered and found to be without merit.
Peters, PJ., Mercure, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.