■ In the Matter of RONALD DAVIDSON, Appellant, v ANDREA W. EVANS, as Chair of the New York State Division of Parole, Respondent. [960 NYS2d 756]—

Appeal from a judgment of the Supreme Court (Connolly, J.), entered May 23, 2012 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner was convicted of three counts of murder in the second degree and is currently serving an aggregate prison term of 25 years to life. He appeared before the Board of Parole for the eighth time in April 2011, at which time the Board declined to release him to parole supervision and ordered him held for an additional 24 months. The Board's determination was affirmed upon administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding. Supreme Court dismissed the petition, and petitioner now appeals.

We affirm. The record demonstrates that the Board appropriately considered the factors set out in Executive Law § 259-i, including the severity of petitioner's crimes, his eventful prison disciplinary record, his program participation and postrelease plans. The Board was free to weigh the seriousness of petitioner's crimes more heavily than other factors (*see Matter of Rodriguez v Board of Parole*, 100 AD3d 1179, 1180 [2012]). Contrary to petitioner's further contention, by specifying an effective date of an amendment to Executive Law § 259-c (4) that postdated his parole hearing, "the Legislature evinced its intent that the provision" only be applied prospectively (*Matter of Ciccarelli v New York State Div. of Parole*, 35 AD3d 1107, 1108 [2006], *lv denied* 8 NY3d 806 [2007]; *see* L 2011, ch 62, § 1, part C, § 1, subpart A, §§ 38-b, 49 [f]; *Matter of Hamilton v New York State Div. of Parole*, 36 Misc 3d 440, 442-443 [2012], *appeal dismissed* 101 AD3d 1549 [2012]; *but see Matter of Thwaites v New York State Bd. of Parole*, 34 Misc 3d 694, 699-700 [2011]). We thus cannot say that the Board's determination was infected by "irrationality bordering on impropriety," and perceive no basis upon which to disturb it (*Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]; *accord Matter of Rodriguez v Board of Parole*, 100 AD3d at 1180).

Petitioner's remaining arguments have been examined and, to the extent they are properly before us, found to be without merit.

Mercure, J.P., Lahtinen, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.