Appeal from a judgment of the Supreme Court (McKeighan, *1306 J.), entered August 22, 2012 in Washington County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner’s request for parole release.
In 1995, petitioner was sentenced to concurrent prison terms of 12 years to life following his conviction of the crimes of robbery in the first degree and burglary in the first degree and to a consecutive prison term of six years to life following his subsequent conviction of the crime of attempted robbery in the second degree. In 2011, petitioner appeared before the Board of Parole seeking to be released to parole supervision. At the conclusion of the hearing, his request was denied and he was ordered held for an additional 24 months. This determination was affirmed on administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding. Supreme Court dismissed the petition and petitioner now appeals.
Petitioner contends that the Board failed to take into consideration the statutory factors set forth in Executive Law § 259-i and placed undue emphasis on his criminal history in denying his request for parole release. The record reflects that the Board properly considered petitioner’s criminal history, as well as the nature of his crimes, his prison disciplinary record, his institutional accomplishments and his postrelease plans (see Matter of Francis v New York State Div. of Parole, 89 AD3d 1312, 1313 [2011]; Matter of Rodriguez v Evans, 82 AD3d 1397, 1398 [2011]). The Board is not required to give each statutory factor equal weight nor articulate every factor in its decision, and the placement of greater emphasis on petitioner’s criminal history, including his prior failures to adjust to parole supervision, does not demonstrate “irrationality bordering on impropriety” (Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]; see Matter of Francis v New York State Div. of Parole, 89 AD3d at 1313; Matter of Kalwasinski v Paterson, 80 AD3d 1065, 1065-1066 [2011], lv denied 16 NY3d 710 [2011]). Accordingly, we find no basis to disturb the Board’s decision.
Peters, RJ., Mercure, Lahtinen and Spain, JJ., concur.
Ordered that the judgment is affirmed, without costs.