■ In the Matter of ANGEL RAMOS, Appellant, v PHILIP HEATH, Respondent. [964 NYS2d 257]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Parole dated February 1, 2011, which, after a hearing, denied the petitioner's request to be released to parole, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Cacace, J.), entered February 15, 2012, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

In denying the petitioner's request to be released to parole, the New York State Board of Parole (hereinafter the Parole Board) properly considered his institutional record, including his disciplinary record and program accomplishments, his performance in a prior temporary release program, his intended plans after release regarding employment and living arrangements, the violent circumstances of his crime, and his criminal history. Under the facts of this case, the Parole Board's determination was not arbitrary and capricious (*see Matter of Stanley v New York State Div. of Parole*, 92 AD3d 948, 948 [2012]; *Matter of Miller v New York State Div. of Parole*, 72 AD3d 690, 691 [2010]).

Contrary to the petitioner's argument, amended Executive Law § 259-c (4), which the Legislature amended on March 31, 2011, almost two months after the petitioner's parole board appearance (*see* L 2011, ch 62, § 1, part C, § 1, subpart A, § 38-b), is not retroactive. "[E]xplicit legislation setting forth a prospec-

tive effective date is sufficient to overcome any presumption of retroactivity" (*People v Walker*, 26 AD3d 676, 677 [2006] [internal quotation marks omitted]). Here, the Legislature specifically provided that the relevant amendments to Executive Law § 259-c (4) "shall take effect six months after it shall have become a law" (L 2011, ch 62, § 1, part C, § 1, subpart A, § 49 [f]), making the effective date September 30, 2011. Here, the hearing and determination occurred on February 1, 2011. Therefore, the amendments to Executive Law § 259-c (4) should not be retroactively applied and do not entitle the petitioner to a new hearing before the Parole Board (*see Matter of Hamilton v New York State Div. of Parole*, 36 Misc 3d 440, 442-443 [2012]). Dillon, J.P., Angiolillo, Austin and Hinds-Radix, JJ., concur.