Appeal from a judgment of the Supreme Court (LaBuda, J.), entered December 6, 2012 in Sullivan County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner’s request for parole release.
In 1998, petitioner was sentenced to concurrent terms of 12V2 to 25 years in prison following his conviction of two counts of robbery in the first degree. Petitioner appeared before the Board of Parole for the second time in October 2011, at which time the Board declined to release him to parole supervision and ordered him held for an additional 24 months. Upon administrative review, the determination was affirmed. Petitioner thereafter commenced this CPLR article 78 proceeding and Supreme Court dismissed the petition. This appeal ensued.
On appeal, petitioner raises several challenges to the Board’s determination denying his request for discretionary parole release, including a contention that the Board improperly failed to utilize a “COMPAS Risk and Needs Assessment” instrument in connection with the relevant amendments to Executive Law § 259-c (4), which became effective October 1, 2011 (see L 2011, ch 62, § 1, part C, § 1, subpart A, § 49 [fj). Significantly, Executive Law § 259-c (4) requires that the Board “establish written procedures for its use in making parole decisions as required by law,” and the Board acknowledges that the statute requires it to incorporate risk and needs principles into its decision-making process. According to the record, the Board was trained in the use of the COMPAS instrument prior to petitioner’s hearing. Moreover, the Board acknowledges that it has used the COMPAS instrument since February 2012 and will use it for petitioner’s next appearance. Under these circumstances, we find no *831 justification for the Board’s failure to use the COMPAS instrument at petitioner’s October 2011 hearing. Accordingly, we agree with petitioner that he is entitled to a new hearing. Given this result, it is unnecessary to address petitioner’s remaining contentions.
Rose, J.P., Spain, McCarthy and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination annulled and matter remitted to the Board of Parole for further proceedings not inconsistent with this Court’s decision.