■ In the Matter of REGINALD FRASER, Respondent, v ANDREA EVANS, Chairwoman, NYS Department of Correction and Community Supervision, Appellant. [971 NYS2d 332]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Parole dated September 20, 2010, which, after a hearing, denied the petitioner's request to be released to parole, the appeal is from an order of the Supreme Court, Orange County (Ecker, J.), dated February 27, 2012, which granted the petition, annulled the determination, and remitted the matter to the New York State Board of Parole for a new parole hearing before a different panel.

Ordered that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, and the petition is denied.

In a determination dated September 20, 2010, the New York State Board of Parole (hereinafter the Parole Board) denied the petitioner's request to be released to parole. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination, contending, inter alia, that the determination was not made in accordance with proper procedure since the Parole Board failed to provide detailed, nonconclusory reasons for the denial of his request and that the determination was arbitrary and capricious because the Parole Board did not consider relevant statutory factors and follow the applicable guidelines. The Supreme Court applied the provisions of the 2011 amendments to Executive Law § 259-c (4) (*see* L 2011, ch 62, § 1, part C, § 1, subpart A, § 38-b), and granted the petition, annulled the determination, and remitted the matter to the Parole Board for a new parole hearing before a different Parole Board panel.

As the Parole Board correctly contends, the 2011 amendments to Executive Law § 259-c (4) are not to be applied retroactively so as to require annulment of otherwise valid determinations denying release to parole that were made in accordance with preamendment law (*see Matter of Ramos v Heath*, 106 AD3d 747 [2013]; *Matter of Davidson v Evans*, 104 AD3d 1046 [2013]; *Matter of Santos v Division of Parole*, 96 AD3d 1321, 1322 n [2012]).

To the extent that the Supreme Court reviewed the Parole Board's determination denying the petitioner's application to be released to parole under preamendment standards, the Supreme Court erred in concluding that the Parole Board's determination was arbitrary and capricious (*see Matter of Ramos v Heath*, 106 AD3d 747 [2013]; *Matter of Stanley v New York State Div. of Parole*, 92 AD3d 948 [2012]). Although the Parole Board's primary focus in denying parole was the nature of the crime committed, the Parole Board also looked at the petitioner's institutional record (*see Matter of De Los Santos v Division of Parole*, 96 AD3d 1321 [2012]; *Matter of Stanley v New York State Div. of Parole*, 92 AD3d at 948; *Matter of Maricevic v Evans*, 86 AD3d 879 [2011]; *Matter of Gordon v New York State Bd. of Parole*, 81 AD3d 1032 [2011]; *Matter of Karlin v New York State Div. of Parole*, 77 AD3d 1015 [2010]). The Parole Board "need not expressly discuss each of [the statutory guidelines] in its determination" (*Matter of King v New York State Div. of Parole*, 83 NY2d 788, 791 [1994]), and it was not "required specifically to articulate every factor considered" (*Matter of Goldberg v New York State Bd. of Parole*, 103 AD3d 634, 634 [2013]). Whether the Parole Board considered the

proper factors and followed the proper guidelines are questions that should be assessed based on the "written determination . . . evaluated *in the context of the parole hearing transcript*" (*Matter of Siao-Pao v Dennison*, 11 NY3d 777, 778 [2008] [emphasis added]; *see Matter of Galbreith v New York State Bd. of Parole*, 58 AD3d 731 [2009]). Here, the hearing transcript indicates that the Parole Board gave due consideration to a number of factors that reflected well on the petitioner, but that these factors did not outweigh those factors that militated against granting parole.

Accordingly, the petition should have been denied. Leventhal, J.P., Roman, Miller and Hinds-Radix, JJ., concur.