■ In the Matter of Cesar Aguayo, Appellant, v Andrea D. Evans, as Chair of the New York State Division of Parole, Respondent. [972 NYS2d 527]—

Appeal from a judgment of the Supreme Court (Breslin, J.), entered April 8, 2013 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1985, petitioner was convicted of a number of crimes, the most serious being murder in the second degree for which he was sentenced to 20 years to life in prison. In October 2011, he made his fifth appearance before the Board of Parole seeking to be released to parole supervision. At the conclusion of the hearing, his request was denied and he was ordered held for an additional 24 months. The determination was later affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

Petitioner's primary contention is that the Board, in denying his request, failed to conduct a needs and risk assessment using a "COMPAS Risk and Needs Assessment" instrument as is required by recent amendments to Executive Law § 259-c (4) (*see* L 2011, ch 62, § 1, part C, § 1, subpart A, § 49 [f], eff Oct. 1, 2011). Respondent concedes that such instrument was not used at petitioner's October 2011 parole hearing, but will be available at his next hearing. Accordingly, the Board's determination

must be annulled, and petitioner afforded a new hearing (*see Matter of Garfield v Evans*, 108 AD3d 830 [2013]). In light of our disposition, we need not address petitioner's remaining claims.

Peters, P.J., McCarthy, Spain and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination annulled and matter remitted to the Board of Parole for further proceedings not inconsistent with this Court's decision.