Stein, J.
Appeal from a judgment of the Supreme Court (Gilpatric, J.), entered November 26, 2012 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner’s request for parole release.
Petitioner was convicted of three counts of rape in the second degree in 1990, and was sentenced to an aggregate prison term of IOV2 to 21 years. He was paroled in 2007 and civilly confined (Matter of State of New York v Lashaway, 100 AD3d 1372 [2012], lv denied 20 NY3d 861 [2013]). Following his 2008 conviction for assault in the third degree, his parole was revoked and he was reincarcerated. Petitioner reappeared before the Board of Parole in 2011, which denied him re-release and ordered him held for an additional 24 months. He then commenced the present CPLR article 78 proceeding to challenge the Board’s determination. Supreme Court dismissed the petition, and petitioner now appeals.
*1418 We perceive no basis upon which to disturb the Board’s decision, and accordingly affirm. The Board appropriately considered the factors set forth in Executive Law § 259-i, including petitioner’s criminal history and the nature of his crimes, prior parole violations, his prison disciplinary record, his institutional accomplishments and his postrelease plans (see Matter of Davis v Evans, 105 AD3d 1305, 1306 [2013]; Matter of Rodriguez v Evans, 102 AD3d 1049, 1050 [2013]). The Board is entitled to emphasize petitioner’s criminal history over other factors, and its decision to do so does not demonstrate “irrationality bordering on impropriety” (Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]; see Matter of Davis v Evans, 105 AD3d at 1306).
As a final matter, while the recent amendments to Executive Law § 259-c (4) applied to petitioner’s hearing, Supreme Court properly rejected his arguments in regard thereto, inasmuch as he did not allege in what manner the Board failed to comply with such amendments (see Matter of Grossman v Rankin, 43 NY2d 493, 502 [1977]; Matter of Pettus v Department of Correctional Servs., 72 AD3d 1375, 1376 [2010]; cf. Matter of Garfield v Evans, 108 AD3d 830, 830-831 [2013]).
Petitioner’s remaining contentions have been considered and are unavailing.
Rose, J.P., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.