■ In the Matter of CEDRIC PARTEE, Appellant, v ANDREA EVANS, Respondent. [984 NYS2d 894]—

---

Appeal from a judgment of the Supreme Court (McGrath, J.), entered July 17, 2013 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is presently serving a prison sentence of 25 years to life as the result of his conviction for murder in the second degree. He reappeared before the Board of Parole in June 2012 and, following a hearing, the Board denied his application for parole release and ordered him held for an additional 24 months. Petitioner commenced this CPLR article 78 proceeding after he failed to receive a timely response to his administrative appeal. Supreme Court dismissed the petition, prompting this appeal.

We affirm. Contrary to petitioner's contention, respondent complied with a 2011 amendment to Executive Law § 259-c (4) by issuing a memorandum to Board members that "sufficiently establishe[d] the requisite procedures for 'incorporat[ing] risks and needs principles' into the process of making parole release decisions" (*Matter of Montane v Evans*, 116 AD3d 197, 202 [2014], *lv granted* 23 NY3d 903 [2014], quoting Executive Law § 259-c [4]). The Board considered the relevant statutory factors, including petitioner's disciplinary record—which includes a recent infraction involving violent conduct—"positive program participation, release plans and, significantly, his COMPAS assessment regarding the issues of risk to society, rehabilitation efforts and needs for successful re-entry into the community" (*Matter of Montane v Evans*, 116 AD3d at 203; *see* Executive Law §§ 259-c [4]; 259-i [2] [c] [A]). The Board is also obligated to consider petitioner's prior criminal record and the brutal nature of the offense for which he is presently incarcerated (*see* Executive Law § 259-i [2] [c] [A]), and the fact that such consideration resulted in the denial of parole to petitioner does not reflect "irrationality bordering on impropriety" (*Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]; *see Matter of Lashway v Evans*, 110 AD3d 1417, 1418 [2013]).

We have considered petitioner's remaining contention and find it to be lacking in merit.

Lahtinen, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs. ▮