In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Parole dated January 31, 2012, which, after a hearing, denied the petitioner’s request to be released to parole, the petitioner appeals from a judgment of the Supreme Court, Orange County (Bartlett, J.), dated January 22, 2013, which denied the petition and dismissed the proceeding.
Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted to the extent that the determination is annulled, and the matter is remitted to the New York State Board of Parole for a new hearing and a new determination thereafter.
Executive Law § 259-c (4) was amended in 2011 to require the New York State Board of Parole (hereinafter the Board) to establish new procedures for its use in making parole decisions. The amendment, which became effective prior to the date of the petitioner’s hearing in this case, required the Board to establish “written procedures . . . incorporating] risk and needs principles to measure [an inmate’s] rehabilitation,” likelihood of success upon release, and to assist the members of the Board in making parole determinations (Executive Law § 259-c [4]; L 2011, ch 62, § 1, part C, § 1, subpart A, §§ 38-b, 49 [f]; cf. Matter of Ramos v Heath, 106 AD3d 747 [2013]). In response to the amendment, the Board adopted the Correctional Offender Management Profiling for Alternative Sanction (hereinafter COMPAS) assessment tool, which examines factors including an inmate’s criminal record, disciplinary history, support network, use of illegal substances, and readiness for employment to predict risk, and includes a questionnaire to be completed by the inmate (see John Caher, Effect of Risk Assessment Rule on Parole Decisions is Unclear, NYLJ, Apr. 30, 2012 at 1, col 3). However, the Board had not yet begun to use the COMPAS assessment tool at the time of the petitioner’s parole hearing on January 31, 2012. Under the circumstances, the petitioner is entitled to a new hearing and a new determination thereafter (see Matter of Melendez v Evans, 111 AD3d 996 [2013]; Matter of Adams v New York State Bd. of Parole, 110 AD3d 1338 [2013]; Matter of Garfield v Evans, 108 AD3d 830 [2013]).
The petitioner’s remaining contentions are without merit.
Dillon, J.P, Balkin, Miller and Maltese, JJ., concur.