Appeal from a judgment of the Supreme Court (LaBuda, J.), entered October 11, 2013 in Sullivan County, which dismissed petitioner’s application, in a proceeding pursuant to CFLR article 78, to review a determination of the Board of Farole denying petitioner’s request for parole release.
*1210 In 1990, petitioner was sentenced to an aggregate prison term of 2 to 4V2 years following his conviction of the crimes of robbery in the second degree and robbery in the third degree. Defendant was convicted of murder in the second degree and criminal possession of a weapon in the second degree in 1992 and sentenced to concurrent prison terms of 20 years to life and to 15 years, respectively. In 1998, defendant was sentenced to an additional term of imprisonment of IV2 to 3 years following his conviction of attempted assault in the second degree and attempted promotion of prison contraband in the first degree, bringing his aggregate controlling sentence to 2IV2 years to life. Defendant appeared before the Board of Parole for the second time in November 2012 and, following a hearing, his request for parole was denied. He received no response to his administrative appeal after four months and he then commenced this CPLR article 78 proceeding. Following service of respondent’s answer, Supreme Court dismissed the petition. Petitioner now appeals.
Petitioner asserts that the Board improperly based its decision solely on the seriousness of his crimes. “Whether to release an inmate to parole is a discretionary determination that will not be disturbed unless the Board failed to comply with the statutory requirements” (Matter of Campbell v Evans, 106 AD3d 1363, 1363 [2013] [citations omitted]; see Matter of Vigliotti v State of N.Y. Exec. Div. of Parole, 98 AD3d 789, 790 [2012], lv dismissed 20 NY3d 1034 [2013]). The record demonstrates that the Board properly considered the relevant factors, including petitioner’s program participation, his institutional accomplishments, his COMPAS risk and reentry needs assessment, and his postrelease plans, along with his criminal history and the seriousness of his crimes. The Board is not required to give equal weight to each statutory factor (see Matter of Davis v Evans, 105 AD3d 1305, 1306 [2013]; Matter of Vigliotti v State of N.Y. Exec. Div. of Parole, 98 AD3d at 790). The Board is obligated to consider petitioner’s prior criminal record and the nature of the offenses for which he is presently incarcerated (see Executive Law § 259-i [2] [c] [A]), “and the fact that such consideration resulted in the denial of parole to petitioner does not reflect irrationality bordering on impropriety” (Matter of Partee v Evans, 117 AD3d 1258, 1259 [2014] [internal quotation marks and citation omitted]).
Petitioner’s contention regarding respondent’s failure to promulgate regulations pursuant to the 2011 amendments to Executive Law § 259-c (4) is unpersuasive (see Matter of Montane v Evans, 116 AD3d 197, 200-203 [2014], lv granted 23 *1211 NY3d 903 [2014]). To the extent that they have been preserved for our review, his remaining contentions have been examined and found to be without merit.
Peters, EJ., Lahtinen, McCarthy, Egan Jr. and Devine, JJ.,
concur. Ordered that the judgment is affirmed, without costs.