*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 10, 2014                    517069
_____

In the Matter of RICHARD
    RIVERA,
                        Appellant,

        v                                      MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF
    PAROLE,
                        Respondent.
_____

Calendar Date:   June 6, 2014

Before:   Lahtinen, J.P., Stein, Egan Jr., Devine and Clark, JJ.

_____

    Richard Rivera, Dannemora, appellant pro se.

    Eric T. Schneiderman, Attorney General, Albany (Laura Etlinger of counsel), for respondent.

_____

Devine, J.

    Appeal from a judgment of the Supreme Court (Ellis, J.), entered June 18, 2013 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

    In 1981 and 1982, petitioner was convicted of a number of crimes, the most serious of which was murder in the second degree arising from his fatal shooting of an off-duty police officer, for which he was sentenced to 25 years to life in prison (People v Rivera, 171 AD2d 708 [1991], lv denied 78 NY2d 957 [1991]).   In September 2012, he made his second appearance before the Board of Parole seeking to be released to parole supervision.   The Board

denied his request and ordered him held for an additional 24 months.  Petitioner filed an administrative appeal and, when it was not decided within four months, he commenced this CPLR article 78 proceeding.  Following service of respondent's answer, Supreme Court dismissed the petition and this appeal ensued.

Initially, petitioner contends that the Board failed to comply with the statutory mandate included in recent amendments to the Correction Law requiring the development of a transitional accountability plan (hereinafter TAP) for inmates in prison, as is set forth in the newly enacted Correction Law § 71-a (see L 2011, ch 62, § 1, part C, § 1, subpart A, § 16-a).  The statute requires the Department of Corrections and Community Supervision (hereinafter DOCCS) to devise an individualized TAP for each inmate "[u]pon admission" to prison based on his or her "programming and treatment needs" for the purpose of "promot[ing] the rehabilitation of the inmate and [his or her] successful and productive reentry and reintegration into society upon release" (Correction Law § 71-a [emphasis added]; see Mark Bonacquist, 2011 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 10B, Correction Law § 71-a, 2014 Supp Pamph at 59-60).  The language of the statute clearly applies only to newly admitted prisoners and is prospective in nature.  Indeed, inasmuch as the Legislature explicitly postponed the effective date for the newly enacted Correction Law § 71-a until six months after passage (see L 2011, ch 62, § 1, part C, § 1, subpart A, §§ 16-a, 49 [h]), "'the Legislature evinced its intent that the provision only be applied prospectively'" (Matter of McCaskell v Evans, 108 AD3d 926, 927 [2013], quoting Matter of Davidson v Evans, 104 AD3d 1046, 1046 [2013]; see Matter of Mulligan v Murphy, 14 NY2d 223, 226 [1964]; People v Sutton, 199 AD2d 878, 879 [1993]).

Notably, Correction Law § 71-a specifically directs DOCCS, not the Board, to develop a TAP to facilitate an inmate's eventual transition back into society.  The Board is then expected to utilize the TAP, "where available," as part of its evaluation in determining an inmate's suitability for parole release (Matter of Montane v Evans, 116 AD3d 197, 203 [2014], lv granted 23 NY3d 903 [2014]).  Here, petitioner was admitted to prison some 30 years before the statutory provision took effect, and DOCCS did not prepare, nor does the statute require the

preparation of, an individualized TAP for him that the Board could consider in making its determination.  The Board nevertheless undertook a risk and needs assessment of petitioner by utilizing a COMPAS Risk and Needs Assessment instrument (see Executive Law § 259-c [4]).  Accordingly, we reject petitioner's claim that the Board failed to comply with the new statutory requirement.

     Petitioner further asserts that he should have been released to parole supervision based upon the COMPAS instrument because it indicated that he was at a low risk to reoffend.  The COMPAS instrument, however, is only one factor that the Board was required to consider in evaluating petitioner's request (see Executive Law §§ 259-c [4]; 259-i [2] [c] [A]; see also Matter of Partee v Evans, 117 AD3d 1258, 1259 [2014]; Matter of Montane v Evans, 116 AD3d at 203).  The record discloses that the Board considered the other relevant statutory factors, including the nature of petitioner's crimes, his criminal history, his prison disciplinary record, his program accomplishments and his postrelease plans (see Executive Law § 259-i [2] [c] [A]; Matter of Martinez v Evans, 108 AD3d 815, 816 [2013]; Matter of Campbell v Evans, 106 AD3d 1363, 1364 [2013]) and, notwithstanding the favorable COMPAS instrument, its decision does not reflect "'irrationality bordering on impropriety'" (Matter of Partee v Evans, 117 AD3d at 1259, quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]).  We have considered petitioner's remaining contentions and find them to be lacking in merit.

     Lahtinen, J.P., Stein, Egan Jr. and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court