## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  July 17, 2014                    518255
_____

In the Matter of ROGELIOS
    MOLINAR,
                        Appellant,

            v                          MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF
    PAROLE,
                        Respondent.
_____

Calendar Date:   June 9, 2014

Before:  Peters, P.J., Stein, McCarthy, Garry and Lynch, JJ.

                    _____


        Rogelios Molinar, Marcy, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Zainab A.
Chaudhry of counsel), for respondent.

                    _____


Lynch, J.

        Appeal from a judgment of the Supreme Court (Zwack, J.),
entered January 21, 2014 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of the Board of Parole
denying petitioner's request for parole release.

        Petitioner was convicted in 1990 of murder in the second
degree and is currently serving a prison sentence of 20 years to
life.  In September 2012, he reappeared before the Board of
Parole, which denied his request for release and ordered him held
for an additional 24 months.  Petitioner commenced this CPLR
article 78 proceeding to challenge the Board's determination
after he failed to receive a timely response to his

administrative appeal.  Supreme Court dismissed the petition, prompting this appeal.

Contrary to petitioner's initial contention, Supreme Court is "a single, statewide court with statewide jurisdiction" and had authority to consider his petition (Matter of Murphy v Milonas, 234 AD2d 109, 110 [1996]; see Matter of Schneider v Aulisi, 307 NY 376, 381 [1954]).  Turning to the merits, "[i]t is well settled that parole release decisions are discretionary and will not be disturbed so long as the Board complied with the statutory requirements of Executive Law § 259–i" (Matter of De Los Santos v Division of Parole, 96 AD3d 1321, 1322 [2012] [citations omitted]; see Matter of Montane v Evans, 116 AD3d 197, 202 [2014], lv granted 23 NY3d 903 [2014]).  The Board considered the relevant statutory factors, including the seriousness of the underlying conviction, petitioner's prison disciplinary record, his program participation, his plan, if released, to return to his family in Panama, and an assessment of the risk and needs upon release.

The Board properly considered the deliberate nature of the murder (see Matter of Partee v Evans, 117 AD3d 1258, 1258 [2014]), for which petitioner continues to deny responsibility. Contrary to petitioner's argument, the record, including the confidential inmate status report, reveals that the Board was aware of an affidavit wherein the victim's son purportedly explains that the victim terminated his own life while recuperating in the hospital.  Notably, petitioner did not raise the affidavit or its content during the interview and the Board was not obligated to discuss it or address it in its decision (see Matter of Wah Zhang v Travis, 10 AD3d 828, 829 [2004]). Remarkably, when asked about his disciplinary infractions, petitioner explained that the infractions were "invented" by the correction officers because they were not busy.  These points illustrate petitioner's continuing failure to acknowledge responsibility for his conduct, raising a plausible concern as to whether he has made any progress towards rehabilitation.  We also note that while the record indicates that petitioner is subject to an immigration detainer warrant, there was no showing made that a deportation order has been issued and, in any event, an order is only one factor for the Board to consider (see Executive

Law § 259-i [2] [c] [A] [iv]; <u>Matter of Kelly v Hagler</u>, 94 AD3d 1301, 1302 [2012]).

The Board found that denial of parole was warranted after examining all of the foregoing factors and, inasmuch as that determination does not reflect "irrationality bordering on impropriety," we affirm (<u>Matter of Russo v New York State Bd. of Parole</u>, 50 NY2d 69, 77 [1980]; <u>see</u> <u>Matter of Partee v Evans</u>, 117 AD3d at 1258).

Peters, P.J., Stein, McCarthy, Garry and Lynch, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court