In the Matter of Kevin Leung, Appellant, v Andrea W. Evans, as Chair of the Division of Parole, Respondent. [991 NYS2d 917]—

Appeal from a judgment of the Supreme Court (McNamara, J.), entered December 11, 2013 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner was convicted in 1991 of two counts of first degree rape and one count of first degree robbery, and he is currently serving an aggregate prison term of $16^2/3$ to 40 years. In 2012,

petitioner made his fourth appearance before the Board of Parole, which again denied his request for parole release and ordered him held for an additional 24 months. Following an unsuccessful administrative appeal, petitioner commenced this proceeding pursuant to CPLR article 78 challenging the Board's determination. Supreme Court dismissed the petition and petitioner appeals.

We are unpersuaded by petitioner's contention that the hearing was unlawful due to the Board's failure to promulgate new written procedures pursuant to the 2011 amendments to Executive Law § 259-c (4) (*see Matter of Singh v Evans*, 118 AD3d 1209, 1209 [2014]; *compare Matter of Garfield v Evans*, 108 AD3d 830, 830-831 [2013]). Turning to the merits, the record discloses that the Board considered the relevant statutory factors in evaluating petitioner's request for parole release, including not only the serious nature of his crimes, but also his program participation, positive prison disciplinary record, post-release plans and, significantly, the statutorily-required COMPAS Risk and Needs Assessment instrument (*see* Executive Law §§ 259-c [4]; 259-i [2] [c] [A]; *see also Matter of Singh v Evans*, 118 AD3d at 1209). Furthermore, "[t]he Board need not enumerate, give equal weight or explicitly discuss every factor considered and was entitled, as it did here, to place a greater emphasis on the gravity of his crime" (*Matter of Montane v Evans*, 116 AD3d 197, 203 [2014], *lv granted* 23 NY3d 903 [2014] [internal quotation marks and citation omitted]). Given that the Board's determination herein complies with the 2011 statutory amendment and does not reflect "irrationality bordering on impropriety" (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000] [internal quotation marks and citation omitted]), it will not be disturbed.

To the extent that they have been preserved for our review, petitioner's remaining contentions have been reviewed and found to be without merit.

Lahtinen, J.P., Stein, McCarthy, Lynch and Clark, JJ., concur. Ordered that the judgment is affirmed, without costs.