*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   September 11, 2014                518084
_____

In the Matter of KEVIN LEUNG,
                    Appellant,

        v
                                          MEMORANDUM AND ORDER

ANDREA W. EVANS, as Chair of
    the Division of Parole,
                    Respondent.
_____


Calendar Date:   August 4, 2014

Before:   Lahtinen, J.P., Stein, McCarthy, Lynch and Clark, JJ.

_____


        Kevin Leung, Rome, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondent.

_____


        Appeal from a judgment of the Supreme Court (McNamara, J.),
entered December 11, 2013 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of the Board of Parole
denying petitioner's request for parole release.

        Petitioner was convicted in 1991 of two counts of first
degree rape and one count of first degree robbery, and he is
currently serving an aggregate prison term of 16⅔ to 40 years.
In 2012, petitioner made his fourth appearance before the Board
of Parole, which again denied his request for parole release and
ordered him held for an additional 24 months.  Following an
unsuccessful administrative appeal, petitioner commenced this
proceeding pursuant to CPLR article 78 challenging the Board's
determination.  Supreme Court dismissed the petition and
petitioner appeals.

We are unpersuaded by petitioner's contention that the hearing was unlawful due to the Board's failure to promulgate new written procedures pursuant to the 2011 amendments to Executive Law § 259-c (4) (see Matter of Singh v Evans, 118 AD3d 1209, 1209 [2014]; compare Matter of Garfield v Evans, 108 AD3d 830, 830–831 [2013]).  Turning to the merits, the record discloses that the Board considered the relevant statutory factors in evaluating petitioner's request for parole release, including not only the serious nature of his crimes, but also his program participation, positive prison disciplinary record, postrelease plans and, significantly, the statutorily-required COMPAS Risk and Needs Assessment instrument (see Executive Law §§ 259–c [4]; 259–i [2] [c] [A]; see also Matter of Singh v Evans, 118 AD3d at 1209). Furthermore, "[t]he Board need not enumerate, give equal weight or explicitly discuss every factor considered and was entitled, as it did here, to place a greater emphasis on the gravity of his crime" (Matter of Montane v Evans, 116 AD3d 197, 203 [2014], lv granted 23 NY3d 903 [2014] [internal quotation marks and citation omitted]).  Given that the Board's determination herein complies with the 2011 statutory amendment and does not reflect "irrationality bordering on impropriety" (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000] [internal quotation marks and citation omitted]), it will not be disturbed.

To the extent that they have been preserved for our review, petitioner's remaining contentions have been reviewed and found to be without merit.

Lahtinen, J.P., Stein, McCarthy, Lynch and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court