*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 25, 2014                518641
_____

In the Matter of DAVID
    MERCADO,
                    Appellant,

        v                              MEMORANDUM AND ORDER

ANDREA EVANS, as Chair of the
    Division of Parole,
                    Respondent.
_____

Calendar Date:  August 4, 2014

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

                    _____

        David Mercado, Woodbourne, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Zainab A.
Chaudhry of counsel), for respondent.

                    _____

        Appeal from a judgment of the Supreme Court (LaBuda, J.),
entered February 20, 2014 in Sullivan County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of the Board of Parole
denying petitioner's request for parole release.

        Petitioner is serving a sentence of 22 years to life upon
his conviction of murder in the second degree.  The conviction
arose from a March 1991 incident in which petitioner, who had
consumed a significant amount of alcohol and cocaine, killed a
taxi driver by shooting him in the back, neck and shoulders as
the taxi drove away.  In December 2012, petitioner made his
initial appearance before the Board of Parole, which denied his
request for release and ordered him held for an additional 24
months.  After he did not receive a timely response to his

administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, prompting this appeal.

We affirm. Where the Board has complied with the statutes governing parole procedures, "[j]udicial intervention is warranted only when there is a showing of irrationality bordering on impropriety" (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000] [internal quotation marks and citation omitted]; accord Matter of Hamilton v New York State Div. of Parole, 119 AD3d 1268, 1269 [2014]). Contrary to petitioner's argument, the Board considered the relevant statutory factors, including petitioner's criminal history and the nature of the crime, vocational and educational accomplishments, prison disciplinary record, COMPAS Risk and Needs Assessment instrument, and his postrelease plans (see Executive Law § 259-i [2] [c] [A]; Matter of Partee v Evans, 117 AD3d 1258, 1259 [2014], lv denied ___ NY3d ___ [Sept. 4, 2014]; Matter of Lashway v Evans, 110 AD3d 1417, 1418 [2013]). The "Board need not expressly discuss each of these guidelines in its determination" (Matter of King v New York State Div. of Parole, 83 NY2d 788, 791 [1994]), and it is entitled to place a greater emphasis on the serious nature of the crime (see Matter of Hamilton v New York State Div. of Parole, 119 AD3d at 1271; Matter of Partee v Evans, 117 AD3d at 1259; Matter of Lashway v Evans, 110 AD3d at 1418), as it did here. Although the Board's decision contained a factual misstatement regarding whether the fatal shot struck petitioner's victim in the head rather than the neck, there is no suggestion that its determination was affected by the discrepancy to any meaningful extent (see Matter of Singh v Evans, 107 AD3d 1274, 1275 [2013]). Inasmuch as the Board's decision does not evince irrationality bordering on impropriety, it must be affirmed.

Petitioner's remaining arguments have been considered and found to be lacking in merit.

Garry, J.P., Egan Jr., Lynch, Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court