Appeal from a judgment of the Supreme Court (Elliott III, J.), entered March 17, 2014 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner’s request for parole release.
In 1995, petitioner was convicted of numerous crimes, including two counts of burglary in the first degree, two counts of rape in the first degree and two counts of sexual abuse in the first degree. The convictions stemmed from incidents in 1988 and 1990 in which petitioner allegedly broke into the homes of two women, threatened them with weapons, and handcuffed and raped them. He was sentenced to an aggregate prison term of 20 years and 10 months to 50 years; by operation of law, his sentence was reduced to 20 to 40 years in prison. Although petitioner admits to committing a voluminous amount of other criminal activity, he maintains his innocence of the crimes for which he was convicted.
Petitioner appeared before respondent in November 2012 and his request for release was denied. He was ordered held for an additional 24 months. After the Division of Parole failed to timely respond to petitioner’s administrative appeal, he commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, and petitioner now appeals.
We affirm. Petitioner argues that respondent’s determination *1059 was conclusory, made in reliance upon inaccurate information, and arbitrary and capricious because it was based solely on the severity of his offense, rather than a careful review of the record. Parole release decisions are discretionary and, thus, “[a]bsent failure by [respondent] to comply with the mandates of Executive Law article 12-B, judicial intervention is warranted only when there is a showing of irrationality bordering on impropriety” (Matter of Hamilton v New York State Div. of Parole, 119 AD3d 1268, 1269 [2014] [internal quotation marks and citations omitted]; see Matter of Silmon v Travis, 95 NY2d 470, 476-478 [2000]). Here, the record reflects that respondent considered the relevant statutory factors, including petitioner’s prior criminal record, institutional programming and academic achievements, prison disciplinary record, release plans, family support and COMPAS Risk and Needs Assessment Instrument (see Matter of Hamilton v New York State Div. of Parole, 119 AD3d at 1273; Matter of Partee v Evans, 117 AD3d 1258, 1259 [2014], lv denied 24 NY3d 901 [2014]). Contrary to petitioner’s assertion that the determination is conclusory, we find that it is adequate to permit intelligent appellate review, and note that respondent “need not enumerate, give equal weight or explicitly discuss every factor considered and was entitled, as it did here, to place a greater emphasis on the gravity of his crime” (Matter of Leung v Evans, 120 AD3d 1478, 1479 [2014] [internal quotation marks and citation omitted]). Nor is there any indication that respondent erroneously considered petitioner’s presentence investigation report, given that petitioner did not timely challenge the accuracy of any of the information in that report (see Matter of Delrosario v Evans, 121 AD3d 1152, 1153 [2014]; Matter of Cox v New York State Div. of Parole, 11 AD3d 766, 768 [2004], lv denied 4 NY3d 703 [2005]). Finally, we have previously considered and rejected petitioner’s claim that respondent has failed to comply with the 2011 amendments to Executive Law § 259-c (4) (see Matter of Montane v Evans, 116 AD3d 197, 202-203 [2014], lv granted 23 NY3d 903 [2014]). Inasmuch as respondent’s decision does not evince irrationality bordering on impropriety, it must be affirmed.
Petitioner’s remaining arguments have been considered and, to the extent they are preserved, found to be lacking in merit.
Peters, EJ., Lahtinen, McCarthy, Garry and Clark, JJ., concur.
Ordered that the judgment is affirmed, without costs.