*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 19, 2015                    519178
_____

In the Matter of DANG TRAN,
                          Appellant,

          v                                    MEMORANDUM AND ORDER

ANDREA D. EVANS, as Chair of
     the Division of Parole,
                          Respondent.
_____

Calendar Date:  January 20, 2015

Before:  McCarthy, J.P., Garry, Lynch and Devine, JJ.

_____

     Dang Tran, Woodbourne, appellant pro se.

     Eric T. Schneiderman, Attorney General, Albany (Laura
Etlinger of counsel), for respondent.

_____

     Appeal from a judgment of the Supreme Court (LaBuda, J.),
entered May 23, 2014 in Sullivan County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of the Board of Parole
denying petitioner's request for parole release.

     In 1995, while on probation, petitioner shot three
individuals, killing one of them.  He was subsequently convicted
of murder in the second degree and attempted murder in the second
degree (two counts) and sentenced to an aggregate prison term of
18 years to life.  In July 2013, petitioner made his initial
appearance before the Board of Parole seeking to be released to
parole supervision.  Following a hearing, his request was denied
and he was ordered held an additional 24 months.  Petitioner
filed an administrative appeal and, when it was not decided
within four months, then commenced this CPLR article 78

proceeding.  Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

We affirm.  Where the Board has complied with the statutory requirements governing parole procedures, "[j]udicial intervention is warranted only when there is a showing of irrationality bordering on impropriety" (Matter of Mercado v Evans, 120 AD3d 1521, 1522 [2014] [internal quotation marks and citation omitted]; accord Matter of Hamilton v New York State Div. of Parole, 119 AD3d 1268, 1269 [2014]).  Here, the record reveals that the Board considered the serious nature of petitioner's crimes, together with other relevant statutory factors, including his clean prison disciplinary record, his programming accomplishments, the available sentencing minutes, the existence of a deportation order, the COMPAS Risk and Needs Assessment instrument and his plans upon release (see Executive Law § 259-i [c] [2] [A] [i]-[viii]; Matter of Mercado v Evans, 120 AD3d at 1522).

We have previously considered and rejected petitioner's argument that the Board did not comply with the 2011 amendments to Executive Law § 259-c (4) (see Matter of Montane v Evans, 116 AD3d 197, 202-203 [2014], appeal dismissed 24 NY3d 1052 [2014]).  Similarly, as petitioner was admitted to state custody in 1997, his contention that the Board failed to comply with the statutory mandate requiring the development of a transitional accountability plan for inmates in prison, as is set forth in Correction Law § 71-a, is unpersuasive (see Matter of Rivera v New York State Div. of Parole, 119 AD3d 1107, 1109 [2014]; see also Matter of Delacruz v Annucci, 122 AD3d 1413, 1414 [2014]).

Upon review, we find that the Board's determination complies with the statutory requirements, and does not evince "irrationality bordering on impropriety" (Matter of Hamilton v New York State Div. of Parole, 119 AD3d at 1269 [internal quotation marks and citations omitted]; accord Matter of Molinar v New York State Div. of Parole, 119 AD3d 1214, 1216 [2014]).  Accordingly, it will not be disturbed.  Petitioner's remaining arguments have been considered and found to be lacking in merit.

-3-                              519178

McCarthy, J.P., Garry, Lynch and Devine, JJ., concur.


ORDERED that the judgment is affirmed, without costs.




ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court