*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 23, 2015                    519523
_____

In the Matter of DOMINGO
    BORGES,
                        Appellant,

        v                                          MEMORANDUM AND ORDER

TINA M. STANFORD, as Chair
    of the Board of Parole,
                        Respondent.
_____

Calendar Date:  February 24, 2015

Before:  Peters, P.J., Rose, Egan Jr. and Devine, JJ.

                    _____

        Domingo Borges, Woodbourne, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Frank Brady
of counsel), for respondent.

                    _____

        Appeal from a judgment of the Supreme Court (McGrath, J.),
entered June 25, 2014 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of the Board of Parole
denying petitioner's request for parole release.

        In 1993, petitioner was convicted of murder in the second
degree and was sentenced to 15 years to life in prison.  In July
2013, he made his fourth appearance before the Board of Parole
seeking to be released to parole supervision.  Following a
hearing, the Board denied his request and ordered him held an
additional 24 months.  Petitioner took an administrative appeal
and, when a decision was not timely rendered, he commenced this
CPLR article 78 proceeding.  After issue was joined, Supreme
Court dismissed the petition and petitioner now appeals.

Initially, we find no merit to petitioner's claim that the Department of Corrections and Community Supervision erred in failing to devise a transitional accountability plan for the Board to consider in evaluating petitioner's suitability for parole release. This requirement was added by a 2011 amendment to Correction Law § 71-a and applies to inmates admitted to prison after its effective date (see L 2011, ch 62, § 1, part C, § 1, subpart A, §§ 16-a, 49 [h]), not to petitioner who entered prison 18 years earlier (see Matter of Delacruz v Annucci, 122 AD3d 1413, 1414 [2014]; Matter of Rivera v New York State Div. of Parole, 119 AD3d 1107, 1108 [2014]). Moreover, contrary to petitioner's claim, the record discloses that the Board considered the relevant statutory factors set forth in Executive Law § 259-i in making its decision. Indeed, the Board took into account the serious nature of petitioner's crime, his criminal history, his prison disciplinary record, his program and educational accomplishments and his postrelease plans, and also considered his scoring on the COMPAS Risk and Needs Assessment instrument (see Matter of Mercado v Evans, 120 AD3d 1521, 1522 [2014]; Matter of Khatib v New York State Bd. of Parole, 118 AD3d 1207, 1208 [2014]). Petitioner's further claim that his application was decided by only one Board member is belied by the record which indicates that the requisite two Board members were present at the hearing and decided his application (see 9 NYCRR 8002.2 [b]). We find no merit to petitioner's remaining arguments. Therefore, given that the Board's decision does not evince "'irrationality bordering on impropriety'" (Matter of Partee v Evans, 117 AD3d 1258, 1259 [2014], lv denied 24 NY3d 901 [2014], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]), there is no reason to disturb it.

Peters, P.J., Rose, Egan Jr. and Devine, JJ., concur.

ORDERED that the judgment is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court