In the Matter of JOSEPH JORDAN, Respondent, v EDWARD R. HAMMOCK, as Chairman of the New York State Division of Parole, et al., Appellants. — Appeal from so much of a judgment of the Supreme Court at Special Term (Conway, J.), entered August 13, 1981 in Greene County, which, in a proceeding pursuant to CPLR article 78, directed respondents to submit certain letters for an *in camera* inspection along with evidence, ex parte, in support of respondents' claim of exemption from disclosure. In December, 1980, the Parole Board denied petitioner parole stating in its determination that there were many persons opposed to his release. Petitioner thereafter sought inspection of any correspondence or contacts that the Parole Board had with persons opposed to his release and also inspection of his psychiatric records. This request was denied and the instant proceeding was instituted to compel respondents to make available petitioner's parole file for inspection. Special Term denied disclosure of petitioner's psychiatric records but directed respondents to submit the letters sought by petitioner for an *in camera* inspection along with evidence, ex parte, in support of their claim of exemption from disclosure. Respondents appeal from so much of the judgment as directed the submission of the letters for an *in camera* inspection along with evidence, ex parte. All agency records are open to the public unless they fall within one of the exemptions set forth in subdivision 2 of section 87 of the Public Officers Law. We agree with respondents that the letters sought are exempted by State statute and therefore access was properly denied under section 87 (subd 2, par [a]) of the Public Officers Law. Specifically, section 259-k of the Executive Law authorizes the Parole Board to make rules for the purpose of maintaining the confidentiality of records. Pursuant to this authority, 9 NYCRR 8000.5 (c) (2) (i) (a) provides that access to case records maintained by the Division of Parole is not available to the extent that the records contain: "(2) materials which would reveal sources of information obtained upon a promise of confidentiality; (3) any information which if disclosed might result in harm, physical or otherwise, to any person". It is clear that the subject letters, which were received from private citizens, are protected and remain confidential pursuant to 9 NYCRR 8000.5 (c) (2) (i) (a) (2) and (3). Such is the intent of 9 NYCRR 8000.5 (c) (2) which states that the limitations on access are essential in order "to permit private citizens to express freely their opinions for or against an individual's parole". Judgment modified, on the law, by striking the first decretal paragraph thereof and by substituting therefor a provision dismissing the petition in its entirety, and, as so modified, affirmed, without costs. Kane, Casey and Weiss, JJ., concur; Mahoney, P. J., and Sweeney, J., dissent and vote to affirm in the following memorandum by Sweeney, J.

Sweeney, J. (dissenting). We believe there should be an affirmance and therefore dissent. In denying petitioner's request for inspection of the letters, the Division of Parole stated in a letter that "such materials may not be made available to you as disclosure of such information would inhibit private citizens from freely expressing their opinions * * * thereby adversely impacting the operation of the Board of Parole with respect to the formulation of individual decisions concerning inmates." Thereafter, petitioner was informed by the Division of Parole that the letters sought were confidential pursuant to 9 NYCRR 8000.5 (c) (2) (i) (a) (2) and (3). In our view, respondents failed in their burden of demonstrating the applicability of the exemption. Respondents' assertions that disclosure would inhibit citizens from freely expressing opin-

ions and result in an adverse impact upon the Parole Board are merely conclusory statements unsupported by any factual basis and, thus, are insufficient to sustain respondents' burden of proof (*Matter of Gannett Co. v County of Monroe,* 59 AD2d 309, affd 45 NY2d 954). Consequently, Special Term properly directed that respondents submit the letters in question for an *in camera* inspection together with evidence in support of their claim of exemption (see *Matter of Zuckerman v New York State Bd. of Parole,* 53 AD2d 405).