*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 23, 2015                   519827
_____

In the Matter of JOHN D.
    JUSTICE,
                    Appellant,

        v

COMMISSIONER OF THE NEW YORK
    STATE DEPARTMENT OF                 MEMORANDUM AND ORDER
    CORRECTIONS AND COMMUNITY
    SUPERVISION,
                    Respondent.
_____


Calendar Date:   June 4, 2015

Before:  Garry, J.P., Rose, Devine and Clark, JJ.

_____


        John D. Justice, Comstock, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Laura
Etlinger of counsel), for respondent.

_____


Rose, J.

        Appeal from a judgment of the Supreme Court (McGrath, J.),
entered October 6, 2014 in Albany County, which, among other
things, dismissed petitioner's application, in a proceeding
pursuant to CPLR article 78, to review a determination of the
Department of Corrections and Community Supervision enforcing the
terms of petitioner's conditional release.

        Petitioner is currently an inmate in the custody of the
Department of Corrections and Community Supervision (hereinafter
DOCCS) serving an aggregate prison sentence of 13⅓ to 40 years
for his convictions of manslaughter in the first degree and

manslaughter in the second degree in connection with the killing of two people (see People v Justice, 202 AD2d 981, 981-982 [1994], lv denied 83 NY2d 968 [1994]). Petitioner is also an acquitee by reason of mental disease or defect subject to CPL 330.20 in connection with the killing of two other people (see People ex rel. Justice v Racette, 111 AD3d 1041, 1042 [2013], lv denied 22 NY3d 861 [2014]; People v Justice, 173 AD2d 144, 146 [1991]). Although petitioner was paroled in 2005, his parole was later revoked after he threatened staff at his approved residence, and he was ordered to be held until the expiration of his sentence (see Justice v Graham, 2010 WL 5559547, *2, 2010 US Dist LEXIS 137375, *4-5 [WD NY, Dec. 30 2010, No. 09-CV-6054T]).

In anticipation of his impending conditional release, the Board of Parole required petitioner to, among other things, provide proposed residences to be approved by DOCCS. After DOCCS rejected the three residences proposed by petitioner, he commenced this CPLR article 78 proceeding challenging the determination and seeking discovery of the basis for the rejection.[1] Supreme Court denied the motion for discovery and dismissed the petition, concluding that the determination to reject the proposed residences was rational. Petitioner appeals.

We cannot agree with petitioner's claim that there is no basis for the rejection of the residences he proposed. Our review of the confidential information submitted in support of the determination establishes that, upon investigation, DOCCS was advised that one of the residences accepted only federal probationers, another had rejected petitioner because of a previous encounter with him and the third indicated that he was not a suitable candidate for their services. Given that none of the residences could accommodate petitioner's request for residence, DOCCS's determination was rational and will not be disturbed (see Matter of Boss v New York State Div. of Parole, 89 AD3d 1265, 1266 [2011]; Matter of Monroe v Travis, 280 AD2d 675,

---

[1] Petitioner also brought an unsuccessful proceeding seeking to hold DOCCS in civil contempt for not approving his proposed residences (Matter of Justice v Fischer, 126 AD3d 1266, 1266-1267 [2015]).

676 [2001], lv denied 96 NY2d 714 [2001]; People v ex rel. Wilson v Keane, 267 AD2d 686, 686 [1999], appeal dismissed 95 NY2d 824 [2000]).

Further, we find no basis to disturb Supreme Court's denial of petitioner's request for discovery of the confidential material relied on by DOCCS.  The Board of Parole is authorized to treat records as confidential if their release "could endanger the life or safety of any person" (Public Officers Law § 87 [2] [a], [f]; see Executive Law § 259-k [2]; 9 NYCRR 8000.5 [c] [2] [i] [a] [3]).  Given petitioner's violent crimes, ongoing mental health issues and previous threats to staff at his prior residence while he was on parole, we find no abuse of discretion in Supreme Court's denial of petitioner's request for access to the confidential documents (see Matter of Carty v New York State Div. of Parole, 277 AD2d 633, 633-634 [2000]; Matter of Jordan v Hammock, 86 AD2d 725, 725 [1982], appeal dismissed 57 NY2d 674 [1982]).  Nor is there any merit to petitioner's contention that his constitutional rights were violated by the denial of his motion for discovery inasmuch as the Board of Parole's determination is administrative and the rights afforded to a defendant in a criminal proceeding do not apply (see e.g. Matter of Alexander v New York State Div. of Parole, 236 AD2d 761, 761 [1997]; Matter of Milburn v New York State Div. of Parole, 173 AD2d 1016, 1016 [1991]).  Petitioner's remaining contentions have been considered and determined to be unavailing.

Garry, J.P., Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court