*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 23, 2016                522100
_____

In the Matter of CARLOS
    DELROSARIO,
                        Appellant,

            v                              MEMORANDUM AND ORDER

TINA M. STANFORD, as Chair of
    the Board of Parole,
                        Respondent.
_____

Calendar Date:  May 3, 2016

Before:  Garry, J.P., Egan Jr., Rose, Mulvey and Aarons, JJ.

_____

        Carlos Delrosario, Otisville, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Laura
Etlinger of counsel), for respondent.

_____

        Appeal from a judgment of the Supreme Court (LaBuda, J.),
entered November 28, 2015 in Sullivan County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of the Board of Parole
denying petitioner's request for parole release.

        Petitioner is serving an aggregate prison term of 20 to 40
years following his 1990 and 1991 convictions of multiple crimes,
including burglary in the first degree, kidnapping in the second
degree and four counts of robbery in the first degree.  In
November 2014, petitioner reappeared before the Board of Parole.
Following a hearing, his request for parole release was denied
and he was ordered held an additional 24 months.  When the
Board's Appeals Unit did not rule on petitioner's administrative
appeal within four months, petitioner commenced this CPLR article

78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

We affirm. The record reflects that the Board considered the relevant statutory factors in denying petitioner's request for parole release, including the serious nature of his crime and plans upon release, his institutional achievements, positive disciplinary record, and the COMPAS Risk and Needs Assessment instrument. Petitioner is subject to a final order of deportation; it appears from the record that the Board was fully aware of his deportation status, and we are unpersuaded by petitioner's contention that the Board's question regarding his reentry plans in the event that he is not deported negates its knowledge of that order. The existence of the deportation order does not require that parole be granted, but is a factor for the Board to consider (see Executive Law § 259-i [2] [c] [A] [iv]; Matter of Kelly v Hagler, 94 AD3d 1301, 1302 [2012]).

Petitioner challenges the accuracy of the information in the presentence report regarding petitioner firing a gun at police while attempting to flee during the March 1991 incident, an issue addressed by this Court upon his prior challenge to denial of parole release (Matter of Delrosario v Evans, 121 AD3d 1152, 1153 [2014]). However, "that challenge is . . . not properly before us inasmuch as it should have been raised before the sentencing court, prior to sentencing" (Matter of Wisniewski v Michalski, 114 AD3d 1188, 1189 [2014] [internal quotation marks and citations omitted]; see Matter of Vigliotti v State of N.Y. Exec. Div. of Parole, 98 AD3d 789, 790 [2012], lv dismissed 20 NY3d 1034 [2013]). Further, we find unpreserved petitioner's contention that the Board's recently promulgated regulations governing parole release procedures (see 9 NYCRR 8002.3) do not comply with the 2011 statutory amendments to the Executive Law due to his failure to raise the issue in his administrative appeal (see Matter of Tafari v Evans, 102 AD3d 1053, 1054 [2013], lv denied 21 NY3d 852 [2013]). As the record does not reveal that the Board's decision is effected by "'irrationality bordering on impropriety'" (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]), it will not be disturbed.

-3- 522100

Garry, J.P., Egan Jr., Rose, Mulvey and Aarons, JJ., concur.


ORDERED that the judgment is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court