Appeal from a judgment of the Supreme Court (Young, J.), entered April 5, 2016 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review two determinations of the Board of Parole denying petitioner’s request for parole release.
*1488 In 2013, petitioner was convicted, upon her guilty pleas, of two counts of aggravated driving while intoxicated stemming from separate incidents in which she was observed driving erratically and registered blood alcohol levels of .35 and .26. She was sentenced to a five-year period of probation but later admitted violating probation by, among other things, testing positive for controlled substances, abusing medication and being hospitalized for a drug overdose. Probation was revoked and she was thereafter sentenced to concurrent prison terms of IV3 to 4 years. In April 2015, petitioner made her initial appearance before the Board of Parole, which advised her that it was interviewing her for possible release as to both her merit-time accelerated eligibility date and her original parole eligibility date (see Correction Law § 803 [1] [d] [iii]; 7 NYCRR part 280). No objection was made and the hearing proceeded on that basis. In separate decisions, the Board denied parole, ordering that petitioner be held for an additional 24 months. The denial of parole was affirmed on administrative appeal, and petitioner then commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.
We affirm. “ [I] t is well established that parole release decisions are discretionary and will not be disturbed so long as the Board complied with the statutory requirements of Executive Law § 259-i” (Matter of King v Stanford, 137 AD3d 1396, 1397 [2016]). The record reveals that the Board took into consideration the relevant statutory factors, including petitioner’s positive program accomplishments, lack of a prison disciplinary record, release plans, letters of support and the nature of the offense (see Executive Law § 259-i [2] [c] [A]). The Board also considered petitioner’s mental health treatment in prison and receipt of an earned eligibility certificate (see Correction Law § 805) and merit time (see 7 NYCRR 280.2), as well as the COMPAS Risk and Needs Assessment instrument, which indicted that she had a low risk for felony violence but had a probable risk for alcohol and substance abuse upon release. Contrary to petitioner’s claims, the Board was not required to give each factor equal weight and was entitled to place greater weight upon the danger presented by her repeated crimes, her intoxicated driving-related criminal history dating back to 2003 and her violation of probation supervision (see Executive Law § 259-i [2] [c] [A] [vii], [viii]; Matter of Crawford v New York State Bd. of Parole, 144 AD3d 1308, 1309 [2016], lv denied 29 NY3d 901 [Mar. 23, 2017]).
Petitioner’s contention that she was denied access to *1489 confidential documents that the Board relied upon is unpre-served for our review, as the record does not reflect that she requested these documents in writing on her administrative appeal or in Supreme Court (see Matter of Santos v Evans, 81 AD3d 1059, 1060 [2011]; Matter of Cruz v Travis, 273 AD2d 648, 649 [2000]; 9 NYCRR 8000.5 [c] [3]). In any event, the Board is entitled to designate certain parole records as confidential (see Public Officers Law § 87 [2] [a], [f]; Executive Law § 259-k [2]; 9 NYCRR 8000.5 [c] [2] [i] [a], [6]; Matter of Justice v Commissioner of the N.Y. State Dept. of Corr. & Community Supervision, 130 AD3d 1342, 1343 [2015]).*
Finally, petitioner failed to preserve her claim that the Board erred in holding a combined interview. Petitioner’s remaining assertions are unavailing.
Peters, P.J., Garry, Lynch, Devine and Mulvey, JJ., concur.
Ordered that the judgment is affirmed, without costs.

 Petitioner’s Freedom of Information Law request is not before us.