Matter of Schendel v Stanford (2020 NY Slip Op 04356)





Matter of Schendel v Stanford


2020 NY Slip Op 04356


Decided on July 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 30, 2020

530180

[*1]In the Matter of Kieran Schendel, Appellant,
v Tina M. Stanford, as Chair of the Board of Parole, et al., Respondents.

Calendar Date: June 26, 2020

Before: Garry, P.J., Egan Jr., Devine, Reynolds Fitzgerald and Colangelo, JJ.


Kieran Schendel, Napanoch, appellant pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondents.



Appeal from a judgment of the Supreme Court (Mott, J.), entered September 16, 2019 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.
In 1989, petitioner was convicted of murder in the second degree and sentenced to a prison term of 18 years to life. In October 2018, petitioner made his eighth appearance before the Board of Parole. At the conclusion of the hearing, the Board denied petitioner's request for parole release and ordered him held for an additional 24 months. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, and this appeal by petitioner ensued.
We affirm. "It is well settled that parole release decisions are discretionary and will not be disturbed as long as [the Board] complied with the statutory requirements set forth in Executive Law § 259—i" (Matter of Jones v New York State Bd. of Parole, 175 AD3d 1652, 1652 [2019] [internal quotation marks and citations omitted]; see Matter of Tafari v Cuomo, 170 AD3d 1351, 1352 [2019], lv denied 33 NY3d 907 [2019]). The record demonstrates that the Board considered not only the serious nature of the crime, but also petitioner's positive programming, lack of disciplinary record since 2008 and plans upon release, as well as letters in support of and in opposition to his release. In addition, in reviewing the COMPAS Risk and Needs Assessment instrument, the Board noted its disagreement with the high probable score in relation to petitioner's substance abuse history, but also discussed its disagreement with the low rating regarding petitioner's history of violence given the extremely violent nature of the underlying crime.
Contrary to petitioner's contention, the record reflects that the Board thoroughly considered the appropriate statutory factors. "The Board was not required to give equal weight to — or expressly discuss — each of the statutory factors" (Matter of Espinal v New York State Bd. of Parole, 172 AD3d 1816, 1817 [2019] [citations omitted]; see Matter of Rodriguez v Evans, 82 AD3d 1397, 1398 [2011]), nor was it required to grant parole as a reward for petitioner's good behavior (see Matter of Applewhite v New York State Bd. of Parole, 167 AD3d 1380, 1380-1381 [2018], appeal dismissed 32 NY3d 1219 [2019]; Matter of Wellman v Dennison, 23 AD3d 974, 975 [2005]). Further, the Board was free to place particular emphasis, as it did, on the extremely violent nature of the crime and petitioner's uncontrollable anger during the commission thereof (see Matter of Tafari v Cuomo, 170 AD3d at 1352; Matter of Applegate v New York State Bd. of Parole, 164 AD3d 996, 997 [2018]). In addition, the Board's decision sufficiently set forth in detail the basis for the denial of parole (see Executive Law § 259—i [2] [a] [i]). As the Board's decision does not evince "irrationality bordering on impropriety," nor was it arbitrary and capricious (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000] [internal quotation marks and citation omitted]), we find that Supreme Court properly dismissed the proceeding (see Matter of Espinal v New York State Bd. of Parole, 172 AD3d at 1818; Matter of Applewhite v New York State Bd. of Parole, 167 AD3d at 1383). To the extent that petitioner alleges that the Board relied upon erroneous information, apparently with regard to his criminal history, the issue is unpreserved due to his failure to raise it on administrative appeal and, in any event, is not supported by the information in the record (see Matter of Constant v Stanford, 157 AD3d 1175, 1176 [2018]; Matter of Peterson v Stanford, 151 AD3d 1960, 1961 [2017]; see also Matter of Raqiyb v New York State Div. of Parole, 247 AD2d 684, 684 [1998]).
Garry, P.J., Egan Jr., Devine, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.