Matter of Pulliam v Board of Parole Dept. of Corr. & Community Supervision (2021 NY Slip Op 05157)





Matter of Pulliam v Board of Parole Dept. of Corr. & Community Supervision


2021 NY Slip Op 05157


Decided on September 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 30, 2021

533050
[*1]In the Matter of Brian Pulliam, Appellant,
v
Board of Parole — Department of Corrections and Community Supervision, Respondent.

Calendar Date:September 3, 2021

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Brian Pulliam, Woodbourne, appellant pro se.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Schick, J.), entered February 22, 2021 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.
Petitioner is currently serving a prison sentence of 25 years to life upon his 1996 conviction of murder in the second degree. He appeared before respondent seeking to be released to parole supervision for the first time in October 2019. Following the hearing, respondent determined that release would not be appropriate at that time and held petitioner for an additional 24 months, and that determination was upheld on administrative appeal. Petitioner commenced this CPLR article 78 proceeding seeking to annul that determination. Supreme Court dismissed the petition and petitioner appeals.
We affirm. "It is well settled that parole release decisions are discretionary and will not be disturbed as long as respondent complied with the statutory requirements set forth in Executive Law § 259-i" (Matter of Jones v New York State Bd. of Parole, 175 AD3d 1652, 1652 [2020] [internal quotation marks, brackets and citations omitted]; see Matter of Payne v Stanford, 173 AD3d 1577, 1577 [2019]). Further, "[respondent] was not required to give equal weight to — or expressly discuss — each of the statutory factors" (Matter of Espinal v New York State Bd. of Parole, 172 AD3d 1816, 1817 [2019]; see Matter of Schendel v Stanford, 185 AD3d 1365, 1366 [2020]). Contrary to petitioner's claim, the record reflects that respondent considered the relevant statutory factors in reaching its determination, including the serious nature of petitioner's crime, his otherwise clean criminal record, his favorable prison disciplinary history, his program and educational accomplishments, his work assignments, his postrelease plans and his low score on the COMPAS Risk and Needs Assessment instrument (see Matter of Pedraza v New York State Bd. of Parole, 166 AD3d 1194, 1194 [2018]; Matter of Lewis v Stanford, 153 AD3d 1478, 1478 [2017]). Moreover, respondent's concern that granting parole would deprecate the seriousness of the crime is supported by petitioner's limited remorse and insight into his crime (see Matter of Silmon v Travis, 95 NY2d 470, 477-478 [2000]; Matter of Crawford v New York State Bd. of Parole, 144 AD3d 1308, 1309 [2016], lv denied 29 NY3d 901 [2017]). Although petitioner expressed remorse at the parole hearing, he stated that six months prior to the hearing he was not even sure that he had committed the crime and he did not offer an explanation as to why he did it. In view of the foregoing, we do not find that respondent's decision evinces "irrationality bordering on impropriety" (Matter of Silmon v Travis, 95 NY2d at 476 [internal quotation marks and citation omitted]) and it will not be disturbed (see Matter of Lewis v Stanford, 153 AD3d at 1479). Petitioner's remaining contentions[*2], including his argument that he did not receive a fair hearing, have been examined and found to be lacking in merit.
Egan Jr., J.P., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, without costs.