Matter of Hibbert v New York State Div. of Parole (2023 NY Slip Op 04248)

Matter of Hibbert v New York State Div. of Parole

2023 NY Slip Op 04248

Decided on August 10, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 10, 2023

CV-22-2381
[*1]In the Matter of Everton Hibbert, Appellant,
v
New York State Division of Parole, Respondent.

Calendar Date:June 23, 2023

Before:Clark, J.P., Aarons, Ceresia, Fisher and McShan, JJ.

Everton Hibbert, Malone, appellant pro se.
Letitia James, Attorney General, Albany (Kevin C. Hu of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Keri E. Savona, J.), entered September 27, 2022 in Albany County, which, among other things, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.
Defendant pleaded guilty in 2000 to murder in the second degree and criminal possession of a weapon in the second degree and is serving concurrent terms of imprisonment — the longest of which is 20 years to life (People v Hibbert, 291 AD2d 866 [4th Dept 2002], lv denied 98 NY2d 637 [2002]). The charges stemmed from an incident wherein defendant shot and killed the mother of his then two-year-old child as the victim exited her place of employment. In September 2021, defendant appeared before the Board of Parole for the second time seeking release to parole supervision. Following a hearing, the Board concluded that release would not be appropriate and ordered that petitioner be held for an additional 24 months. That determination was upheld upon an administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding seeking to annul the Board's determination. Supreme Court dismissed petitioner's application, and this appeal ensued.
We affirm. "It is well settled that parole release decisions are discretionary and will not be disturbed as long as [the Board] complied with the statutory requirements set forth in Executive Law § 259-i" (Matter of Pulliam v Board of Parole-Dept. of Corr. & Community Supervision, 197 AD3d 1495, 1495 [3d Dept 2021] [internal quotation marks and citations omitted]; accord Matter of Espinal v New York State Bd. of Parole, 172 AD3d 1816, 1817 [3d Dept 2019]; see Matter of Applewhite v New York State Bd. of Parole, 167 AD3d 1380, 1380 [3d Dept 2018], appeal dismissed 32 NY3d 1219 [2019]). To that end, the Board must consider whether, if released, there is a reasonable possibility that the incarcerated individual "will live and remain at liberty without violating the law" and that such release "is not incompatible with the welfare of society and will not so deprecate the seriousness of [the] crime as to undermine respect for the law" (Executive Law § 259-i [2] [c]). Additionally, the Board must consider, among other statutory factors, the incarcerated individual's "institutional record — including program goals and accomplishments, academic achievements, vocational education and training and work assignments — as well as the [individual's] postrelease plans, the seriousness of the . . . underlying offense, the [individual's] prior criminal record and the COMPAS Risk and Needs Assessment instrument" (Matter of Applewhite v New York State Bd. of Parole, 167 AD3d at 1381 [internal citations omitted]). In reaching such a determination, "[t]he Board [is] not required to give equal weight to — or expressly discuss — each of the statutory factors" (Matter of Schendel v Stanford, 185 AD3d 1365, 1366 [*2][3d Dept 2020] [internal quotation marks and citations omitted]; see Matter of Jones v New York State Bd. of Parole, 175 AD3d 1652, 1652-1653 [3d Dept 2019]; Matter of Applewhite v New York State Bd. of Parole, 167 AD3d at 1381).
Here, it is evident from both the hearing transcript and the Board's decision that the Board indeed considered the relevant statutory factors, including, among other things, the seriousness of the underlying crimes and petitioner's prior criminal history, institutional disciplinary record, work history and postrelease plans. In so doing, the Board took note of petitioner's low score on the COMPAS risk assessment instrument but was troubled by petitioner's refusal to participate in substance abuse and anger management programs while incarcerated. Additionally, the Board considered the underlying sentencing minutes, the letters received from the relevant District Attorney, petitioner and petitioner's supporters, as well as the fact that petitioner is under a deportation order to Jamaica. Upon due consideration of the applicable factors, we cannot say that the Board's decision evinces "irrationality bordering on impropriety" (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000] [internal quotation marks and citation omitted]) and, therefore, we will not disturb it (see Matter of Espinal v New York State Bd. of Parole, 172 AD3d at 1818). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Clark, J.P., Aarons, Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed, without costs.