Matter of Serrano v New York State Dept. of Corr. & Community Supervision (2024 NY Slip Op 05385)

Matter of Serrano v New York State Dept. of Corr. & Community Supervision

2024 NY Slip Op 05385

Decided on October 31, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 31, 2024

CV-24-0315
[*1]In the Matter of Jennifer L. Serrano, Appellant,
v
New York State Department of Corrections and Community Supervision et al., Respondents.

Calendar Date:October 4, 2024

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ.

Jennifer L. Serrano, Albion, appellant pro se.
Letitia James, Attorney General, Albany (Rachel Raimondi of counsel), for respondents.

Appeal from a judgment of the Supreme Court (Gerald W. Connolly, J.), entered February 13, 2024 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Parole denying petitioner's request for parole release.
Petitioner is currently serving two consecutive prison sentences of 2&frac13; to 7 years upon her 2019 convictions of vehicular manslaughter in the second degree and leaving the scene of an incident without reporting. She received an earned eligibility certificate and, in December 2022, appeared for her first time before respondent Board of Parole seeking to be released to parole supervision. Following a hearing, the Board denied her release and ordered that she be held for an additional 24 months; such determination was upheld on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding seeking to annul that determination. Supreme Court dismissed the petition, and petitioner appeals.
We affirm. "It is well settled that parole release decisions are discretionary and will not be disturbed as long as [the Board] complied with the statutory requirements set forth in Executive Law § 259-i" (Matter of Rodriguez v New York State Bd. of Parole, 168 AD3d 1342, 1343 [3d Dept 2019] [internal quotation marks and citations omitted]; see Matter of Payne v Stanford, 173 AD3d 1577, 1577 [3d Dept 2019]). To this end, "[t]he Board was not required to give equal weight to — or expressly discuss — each of the statutory factors" (Matter of Espinal v New York State Bd. of Parole, 172 AD3d 1816, 1817 [3d Dept 2019]; see Matter of Brown v Board of Parole-N.Y. State Dept. of Corr. & Community Supervision, 197 AD3d 1424, 1425 [3d Dept 2021]), and it could, in its discretion, place greater emphasis upon the serious nature of petitioner's crimes (see Matter of Tafari v Cuomo, 170 AD3d 1351, 1352 [3d Dept 2019], lv denied 33 NY3d 907 [2019]). Moreover, "the receipt of an earned eligibility certificate does not preclude the Board from denying parole" (Matter of Romer v Dennison, 24 AD3d 866, 867 [3d Dept 2005], lv denied 6 NY3d 706 [2006]; see Correction Law § 805; Matter of Wade v Stanford, 148 AD3d 1487, 1488 [3d Dept 2017]; Matter of Furman v Annucci, 138 AD3d 1269, 1270 [3d Dept 2016], lv dismissed 27 NY3d 1188 [2016]).
Contrary to petitioner's claim, the record reflects that the Board considered the relevant statutory factors in reaching its determination, including the serious nature of petitioner's crimes, as well as her lack of prior criminal history, favorable institutional record, program, earned eligibility certificate and educational accomplishments, postrelease plans and her low score on the COMPAS Risk and Needs Assessment instrument (see Matter of Hibbert v New York State Div. of Parole, 219 AD3d 1038, 1039-1040 [3d Dept 2023]; Matter of Jones v New York State Bd. of Parole, 175 AD3d 1652, 1652-1653 [3d Dept 2019]). The Board's concern that petitioner [*2]demonstrated a disregard for the rule of law and continued to represent a danger to the community is supported by petitioner's lack of insight into her crimes. In this regard, although petitioner expressed remorse at the parole hearing, she continued to make excuses for her actions at the time of and upon fleeing the accident, as well as for her decision to drive with a suspended license following arraignment on the underlying charges. Under these circumstances, it cannot be said that the Board's decision evinces "irrationality bordering on impropriety" (Matter of Pulliam v Board of Parole-Dept. of Corr. & Community Supervision, 197 AD3d 1495, 1496 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Payne v Stanford, 173 AD3d at 1577-1579; Matter of Maricevic v Evans, 86 AD3d 879, 880 [3d Dept 2011]), and, therefore, we will not disturb it. Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed, without costs.