Matter of Richard v Lee (2024 NY Slip Op 06086)

Matter of Richard v Lee

2024 NY Slip Op 06086

Decided on December 5, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 5, 2024

CV-23-0580
[*1]In the Matter of John Willis Richard, Appellant,
v
Chan Woo Lee, as Commissioner of Parole, et al., Respondents.

Calendar Date:November 8, 2024

Before:Egan, Jr., J.P., Clark, Aarons, Ceresia and McShan, JJ.

John Willis Richard, Cape Vincent, appellant pro se.
Letitia James, Attorney General, Albany (Douglas E. Wagner of counsel), for respondents.

Appeal from a judgment of the Supreme Court (Stephan G. Schick, J.), entered January 31, 2023 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.
In 1991, petitioner was convicted following a jury trial of three counts of murder in the second degree, grand larceny in the fourth degree, criminal possession of a weapon in the third degree and criminal possession of stolen property in the fourth degree, and is serving an aggregate prison term of 32½ years to life. The charges stemmed from an incident in which petitioner shot and killed a security officer after he and another individual entered a railroad yard with the intention of stealing a car. In September 2021, petitioner appeared before the Board of Parole for the first time and, following a hearing, the Board denied parole release and imposed a 24-month hold. That determination was upheld upon administrative appeal, and petitioner thereafter commenced this CPLR article 78 proceeding challenging the Board's determination. Upon review, Supreme Court dismissed petitioner's application, and this appeal ensued.
"It is well settled that parole release decisions are discretionary and will not be disturbed as long as the Board complied with the statutory requirements set forth in Executive Law § 259-i" (Matter of Hibbert v New York State Div. of Parole, 219 AD3d 1038, 1039 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]; see Matter of Silmon v Travis, 95 NY2d 470, 476 [2000]). To that end, Executive Law § 259-i provides, in relevant part, that the Board must consider whether, if released, there is a reasonable possibility that the incarcerated individual "will live and remain at liberty without violating the law" and that such release "is not incompatible with the welfare of society and will not so deprecate the seriousness of [the] crime as to undermine respect for the law" (Executive Law § 259-i [2] [c] [A]). In rendering its determination, "the Board must consider, among other statutory factors, the incarcerated individual's institutional record — including program goals and accomplishments, academic achievements, vocational education and training and work assignments — as well as the individual's postrelease plans, the seriousness of the underlying offenses, the individual's prior criminal record and the COMPAS Risk and Needs Assessment instrument" (Matter of Mills v New York State Bd. of Parole, 224 AD3d 1025, 1028 [3d Dept 2024] [internal quotation marks, brackets and citations omitted], lv dismissed & lv denied 41 NY3d 1015 [2024]; see Executive Law § 259-i [2] [c] [A]; 9 NYCRR 8002.2). "The Board [is] not required to give equal weight to — or expressly discuss — each of the statutory factors" (Matter of Schendel v Stanford, 185 AD3d 1365, 1366 [3d Dept 2020] [internal quotation marks and citations omitted]; accord Matter [*2]of Hibbert v New York State Div. of Parole, 219 AD3d at 1040).
The Board considered the relevant statutory factors in reaching its determination, including the seriousness of the underlying crimes, petitioner's continued violent criminal conduct while in jail following his arrest, his lengthy criminal history and his admittedly "bad" and "extensive" institutional disciplinary record. The Board also properly considered petitioner's lack of remorse and insight into his crimes in rendering its decision (see Matter of Griffin v Dennison, 32 AD3d 1060, 1061 [3d Dept 2006]; Matter of Ward v New York State Div. of Parole, 26 AD3d 712, 713 [3d Dept 2006], lv denied 7 NY3d 702 [2006]). Contrary to petitioner's contentions, the Board did not impermissibly consider his underlying presentence report or his criminal history as reflected in Family Court records (see Executive Law § 259-i [2] [c] [A] [vii]; 9 NYCRR 8002.2 [d] [7]).[FN1] The Board also noted petitioner's postrelease plans and program accomplishments while incarcerated, as well as his low score on the COMPAS risk assessment instrument. In view of the Board's due consideration of the appropriate factors, we do not find that its decision denying parole release evinces "irrationality bordering on impropriety" or that it is "arbitrary or capricious" (Matter of Silmon v Travis, 95 NY2d at 476 [internal quotation marks and citation omitted]) and, thus, Supreme Court properly dismissed petitioner's challenge thereto (see Matter of Mills v New York State Bd. of Parole, 224 AD3d at 1028-1029; Matter of Hibbert v New York State Div. of Parole, 219 AD3d at 1040; Matter of Marcelin v New York State Div. of Parole, 308 AD2d 616, 616-617 [3d Dept 2003]).
Egan, Jr., J.P., Clark, Aarons, Ceresia and McShan, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: There is no indication that petitioner sought or obtained an order sealing his records pursuant to Family Ct Act § 375.2 and, to the extent that he challenges the accuracy of the content of the presentence report, his appropriate remedy was to raise such issue before the sentencing court (see Matter of Delrosario v Stanford, 140 AD3d 1515, 1515-1516 [3d Dept 2016]).